INFECTIOUS DISEASE OF INDIANAPOLIS, P.S.C., and Douglas H. Webb, M.D., Appellants–Defendants,

v.

Ruth TONEY, Appellee–Plaintiff.

No. 49A04–0111–CV–477.

Court of Appeals of Indiana.

July 24, 2002.

Robert J. Shula, Jon K. Stowell, Lowe Gray Steele & Darko, LLP, Indianapolis, IN, Attorneys for Appellants.

Mary J. Hoeller, White & Raub, LLP, Indianapolis, IN, Attorney for Appellee.

Kevin Charles Murray, Julia Blackwell Gelinas, Allison S. Avery, Locke Reynolds LLP, John P. Gulyas, Indiana Department of Insurance, Indianapolis, IN, Attorneys for Amicus Curiae Indiana Department of Insurance.

## OPINION

VAIDIK, Judge.

### Statement of the Case

Infectious Disease of Indianapolis, P.S.C. and Douglas H. Webb, M.D. (collectively, Dr. Webb) bring this discretionary interlocutory appeal challenging the denial of Dr. Webb's motion for summary judgment in a medical malpractice suit filed by

Ruth Toney. Dr. Webb claims that Toney has received her full measure of damages from another health care provider and from the Indiana Patient's Compensation Fund and, thus, is collaterally estopped from collecting additional damages from him. Because the designated evidence does not resolve the issue presented, we affirm the trial court's denial of the summary judgment motion.

### Facts and Procedural History

In January of 1995, Toney underwent spinal fusion surgery at Orthopaedics Indianapolis, Inc. (Orthopaedics). She developed a post-operative wound infection, which Orthopaedics treated. The infection worsened, necessitating emergency debridement surgery. In February of 1995, Dr. Webb became involved in the case, prescribing what Toney terms "toxic antibiotics which are well known in the medical community to damage the kidneys and nerves of the ear, if not monitored and administered properly." Appellant's App. p. 28. Toney allegedly was harmed by the improper administration of those antibiotics.

Toney filed a proposed complaint against Orthopaedics and Dr. Webb with the Indiana Department of Insurance (IDI). In a June 24, 1999 report, the Medical Review Panel rendered its opinion, which provides in part:

> The evidence does not support the conclusion that defendants, Infectious Disease of Indianapolis [and] Douglas H. Webb, M.D. . . . failed to meet the applicable standard of care as charged in the complaint.
>
> The evidence supports the conclusion that the defendant, Orthopaedics Indianapolis, failed to meet the applicable standard of care as charged in the com-

plaint. The conduct complained of was a factor of the resultant damages.

Appellant's App. p. 30–31.

On September 1, 1999, Toney commenced this action against Orthopaedics and Dr. Webb in Marion Superior Court, Civil Division, Room 13. In her complaint, she averred that Orthopaedics's negligence in treating her wound infection necessitated another surgery and intravenous antibiotics. Relevant damages included "medical expenses for additional debridement surgery and hospitalization, lost wages, inner ear nerve damage, complete disability and pain and suffering." Appellant's App. p. 28. Toney also alleged that Dr. Webb negligently treated her wound infection, with damages including "medical expenses for treatment of her kidney and inner ear nerve damage, lost wages, permanent inner ear nerve damage, complete disability and pain and suffering." Appellant's App. p. 29.

Orthopaedics agreed to pay Toney $100,000 on a structured basis, the equivalent of its insurance policy limit, and was dismissed from this suit. See Ind. Code § 27–12–15–3.[1] Toney then proceeded against the Patient's Compensation Fund by filing her petition for additional damages in Marion Superior Court, Civil Division, Room 6. The IDI moved to consolidate the litigation. Toney opposed consolidation, and her petition for additional damages proceeded separately.

After hearing evidence, the Honorable Thomas J. Carroll of Court 6 determined that, as a consequence of Orthopaedics's malpractice, Toney suffered a permanent scar in the lumbar area of her lower back, a permanent ear injury affecting her balance, loss of earnings, and pain and suffering. In his order dated December 11, 2000, Judge Carroll determined the total

---

[1] In 1998, the General Assembly recodified the Medical Malpractice Act. The statute, as amended, is currently found at Indiana Code § 34–18–15–3.

damages to be $725,000. Given that Toney had received the equivalent of $100,000, the court entered judgment against the Patient's Compensation Fund for $625,000.

Later that month, on December 27, 2000, Dr. Webb filed his third motion for summary judgment.[2] In his accompanying memorandum, Dr. Webb claimed that Toney is collaterally estopped from asserting that her total damages exceed $725,000. Toney responded on January 16, 2001. Following a hearing, the trial court denied Dr. Webb's motion. Upon Dr. Webb's request, the court certified its interlocutory order and further "certified" the following issue for resolution:

> Whether, in a medical malpractice action brought pursuant to the Indiana Medical Malpractice Act involving multiple defendants, a plaintiff which settles her claim against one defendant and proceeds to trial against the Indiana Patient['s] Compensation Fund is then collaterally estopped from arguing in a subsequent and separate case against [another] defendant that her total damages exceed what has been judicially determined as plaintiff's total damages in the action against the Patient's Compensation Fund. And, if the plaintiff has recovered her total judicially determined damages from her claim against the settling defendant and the Patient's Compensation Fund, is she then collaterally estopped from arguing that her damages have not been fully satisfied?

Appellant's App. p. 22.[3] Over Toney's objection, this court accepted jurisdiction of the appeal. We also granted IDI's petition to file an amicus curiae brief.

## Discussion and Decision

Dr. Webb insists that the trial court erred in denying his summary judgment motion. Summary judgment is appropriate when the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Butler v. City of Peru*, 733 N.E.2d 912, 915 (Ind.2000); Ind. Trial Rule 56(C). Under Indiana summary judgment procedure, a movant must designate sufficient evidence to foreclose the nonmovant's reasonable inferences and eliminate any genuine factual issues. *Butler*, 733 N.E.2d at 915. Once the movant has done so, the burden shifts to the nonmovant to make a showing sufficient to establish the existence of a genuine issue for trial on each challenged element of the cause of action. *Id.*

The party appealing the denial of summary judgment has the burden of persuading this court that the trial court erred. *Ind. Dep't of Transp. v. Shelly & Sands, Inc.*, 756 N.E.2d 1063, 1069 (Ind.Ct.App. 2001), *trans. denied.* When reviewing the denial of a motion for summary judgment, we apply the same standard as the trial court. *Id.* Any doubt as to fact or inference to be drawn from the evidence is

---

2. Dr. Webb withdrew his first motion for summary judgment filed after the medical review panel issued its report. The trial court ruled in favor of Dr. Webb on the second summary judgment motion but granted Toney's motion to correct error, effectively denying relief. We note that the third motion is captioned, "Douglas Webb, M.D.'s Third Motion for Summary Judgment;" however, Infectious Disease participates in this appeal. *See* Ind. Appellate Rule 17(A) ("A party of record in the trial court ... shall be a party on appeal.").

3. As a technical matter, certification of the order, not the question, is proper. *Budden v. Bd. of Sch. Comm'rs of Indianapolis*, 698 N.E.2d 1157, 1165 n. 14 (Ind.1998); *see* Ind. Appellate Rule 14(B). Nevertheless, there is nothing prohibiting the trial court from identifying the specific question of law presented by its order. This court, however, is under no obligation to accept the issue as framed by the trial court or to answer it. *Id.* at 1166 n. 14.

resolved in favor of the nonmovant. *Id.* We carefully review decisions on summary judgment motions to ensure that the parties were not improperly denied their day in court. *Butler,* 733 N.E.2d at 915.

Here, Dr. Webb urges that Judge Carroll fully compensated Toney for all her injuries in her claim against Orthopaedics, so she is collaterally estopped from seeking further damages in the claim against him. Collateral estoppel, also known as "issue preclusion," bars the subsequent re-litigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in the subsequent suit. *Small v. Centocor, Inc.,* 731 N.E.2d 22, 28 (Ind.Ct.App.2000), *reh'g denied, trans. denied.* In that situation, the first adjudication is held conclusive even if the second action is on a different claim. *Id.*

In order to bar re-litigation of an issue, collateral estoppel requires: (1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of issues; and (3) the party to be estopped was a party or the privity of a party in the prior action. *Id.* In determining whether the use of collateral estoppel is appropriate, the court must consider whether the party against whom the judgment is pled has had a full and fair opportunity to litigate the issue and whether, under the circumstances, it would be otherwise unfair to permit the use of collateral estoppel. *Tofany v. NBS Imaging Sys., Inc.,* 616 N.E.2d 1034, 1037 (Ind.1993).

In this case, both Dr. Webb and Toney agree that Judge Carroll issued a final judgment on the merits. They disagree on other aspects of collateral estoppel. Toney insists that the doctrine does not apply because Dr. Webb was not a

party to the action filed in Judge Carroll's court and, thus, his liability has never been judicially determined. However, a nonparty to the first action may raise collateral estoppel in a subsequent action. *Eichenberger v. Eichenberger,* 743 N.E.2d 370, 375 (Ind.Ct.App.2001). Toney, as the party to be estopped, must have been a party or the privity of a party in the first adjudication. *Small,* 731 N.E.2d at 28. Toney was the party prosecuting the action in Judge Carroll's court. That is all that is required.

We next analyze whether the damage element in Toney's claim against Orthopaedics is identical to the damage element in the claim against Dr. Webb. In performing our analysis, we may not look beyond the evidence specifically designated to the trial court. *New Albany–Floyd County Educ. Ass'n v. Ammerman,* 724 N.E.2d 251, 257 (Ind.Ct.App.2000). Dr. Webb did not expressly designate any evidence in his third motion for summary judgment. In his accompanying memorandum, Dr. Webb cited Judge Carroll's findings, which he appended. Both in the trial court and on appeal, Dr. Webb relies upon the following findings of fact:

(3) [Orthopaedics] agreed to pay [Toney] the sum or equivalent of its required policy limit of $100,000.

(4) [Toney] has incurred and will incur certain expenses as a consequence of the act of medical malpractice.

(5) [Toney] suffered a permanent scar in the lumbar area of her lower back as a consequence of the act of medical malpractice.

(6) [Toney] experienced pain and suffering in the past and will in the future as a consequence of the act of medical malpractice.

(7) [Toney] suffered permanent vestibular injury [4] affecting her sense of

4. The "vestibular injury" relates to the inner

ear nerve damage alleged in Toney's com-

balance as a consequence of the act of malpractice.

(8) [Toney] sustained certain lost earnings arising from her disability as a consequence of the act of medical malpractice.

(9) This Court finds the total of [Toney's] damages to be $725,000.00....

Appellant's App. p. 57–58.

In determining the amount to be paid from the Patient's Compensation Fund, Judge Carroll was required to consider the liability of Orthopaedics "as admitted and established." Ind.Code § 27–12–15–3 (repealed and recodified at Ind.Code § 34–18–15–3); *Rimert v. Mortell,* 680 N.E.2d 867, 870–71 (Ind.Ct.App.1997), *trans. denied; Dillon v. Glover,* 597 N.E.2d 971, 973–74 (Ind.Ct.App.1992) (reviewing predecessor statute), *trans. denied.* There is no argument about the compensable nature of the damages. Thus, Judge Carroll was only to value the damages attributable to Orthopaedics's negligence or, more specifically, the additional damages for which the Patient's Compensation Fund was liable.

In her complaint, Toney alleged that Orthopaedics was responsible for "medical expenses for additional debridement surgery and hospitalization, lost wages, inner ear nerve damage, complete disability and pain and suffering." Appellant's App. p. 28. Those damages substantially overlap

with damages allegedly flowing from Dr. Webb's negligence, namely, "medical expenses for treatment of her kidney and inner ear nerve damage, lost wages, permanent inner ear nerve damage, complete disability and pain and suffering." Appellant's App. p. 29.[5] Nevertheless, a careful comparison of damages averred reveals that they are not identical. For example, Toney attributes medical expenses for kidney treatment to Dr. Webb only.

In his findings, Judge Carroll found "total" damages attributable to Orthopaedics's negligence to be $725,000. However, we cannot determine from the mere use of the word "total" whether the total damages attributable to Orthopaedics is the same as the total damages sustained by Toney. The submitted record does not include a transcript of the hearing before Judge Carroll, which may have resolved this issue.

■ Dr. Webb also cites an affidavit of Toney's attorney submitted in support of a prior motion to correct error. That affidavit, however, was not specifically designated to the trial court in the third motion for summary judgment. Thus, we may not consider it.[6] As a result, we are left with the complaint averring similar but not identical damages and Judge Carroll's use of the word "total." That is insufficient to show that Toney litigated the entire damages issue to finality. As we have stated, a former adjudication is conclusive

plaint. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2547 (1993).

5. Apparently, it is Toney's position that Orthopaedics is liable for damages relating to its original negligent treatment as well as for at least some damages flowing from Dr. Webb's unskilled treatment necessitated by Orthopaedics's wrongful treatment. *See* RESTATEMENT (SECOND) OF TORTS § 457 (1965) (setting forth rule); *see also* RESTATEMENT (SECOND) OF TORTS § 433A, cmt. c (discussing rule).

6. Indeed, the document is dated March 13, 2001, and was not in existence when Dr. Webb filed the relevant motion on December 27, 2000, or when Toney responded to that motion on January 16, 2001. Dr. Webb also directs us to a paragraph from Toney's reply to his second motion for summary judgment, but those unsworn comments are not competent evidence for summary judgment purposes. Ind. Trial Rule 56(E); *Turner v. Bd. of Aviation Comm'rs,* 743 N.E.2d 1153, 1164 (Ind.Ct.App.2001), *trans. denied.*

only as to those issues actually litigated and determined therein. *Pritchett v. Heil,* 756 N.E.2d 561, 565 (Ind.Ct.App.2001), *reh'g denied.* Collateral estoppel does not extend to matters that were not expressly adjudicated and can be inferred only by argument. *Id.* Dr. Webb has not designated sufficient evidence from which we can determine whether it would be unfair to apply collateral estoppel.

 We do agree, however, that a party may be compensated only once for her just damages. The Medical Malpractice Act does not alter that principle. Thus, if an injured party receives full satisfaction for all injuries from the original tortfeasor, that party would be denied any recovery in an action against the successor tortfeasor. *Wecker v. Kilmer,* 260 Ind. 198, 201–02, 294 N.E.2d 132, 134 (1973).

Toney insists that she has suffered two compensable injuries and, thus, is entitled to two recoveries under the Act, each subject to the statutory cap of $750,000. *See* Ind.Code § 34–18–14–3 (providing that the total amount recoverable for an injury may not exceed $750,000 for an act of malpractice occurring after December 31, 1989 and before July 1, 1999).[7] However, the fact that Toney may have suffered two injuries under the Act may be of no consequence. If she has been fully compensated for both, she cannot recover additional damages.

### Conclusion

Dr. Webb has not demonstrated that Toney has been fully and fairly compensated for all damages. That question remains a factual issue. Given that Dr. Webb has not designated evidence showing an identity of issues, collateral estoppel is inapplicable. Accordingly, the trial court properly

denied Dr. Webb's motion for summary judgment.

·Judgment affirmed.

RILEY and MATTINGLY–MAY, JJ., concur.

---

7. Toney also raises a constitutional claim. Because we dispose of the appeal on other grounds, we need not consider the constitu-

tional question. *Daugherty v. Allen,* 729 N.E.2d 228, 233 (Ind.Ct.App.2000), *trans. dismissed.*