**Mario L. SIMS, Sr., Appellant–
Plaintiff,**

v.

**Linda SCOPELITIS, Appellee–
Defendant.**

**No. 50A03–0211–CV–399.**

Court of Appeals of Indiana.

Oct. 17, 2003.

Rehearing Denied Dec. 2, 2003.

Mario L. Sims, Sr., Westville, IN, Appellant pro se.

Richard A. Nussbaum, Matthew R. Kaczmarek, Sopko, Nussbaum & Inabnit, South Bend, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Mario Sims appeals the decision of the Marshall County trial court granting summary judgment in favor of Linda Scopelitis, in her capacity as Clerk of the St. Joseph Courts. In particular, Sims claimed in his complaint that Scopelitis intentionally destroyed a document, which allegedly had been part of the record in his criminal trial. Because this same issue previously had been brought before the Elkhart County trial court and, after a hearing on the merits, decided against Sims, we find that the continued litigation of the Marshall County action was barred by issue preclusion. In addition, because Sims continues filing meritless complaints, we impose conditions upon future lawsuits he may initiate.[1]

### Facts and Procedural History

This action is part of Sims' continuing effort to show that he is the victim of a purported political conspiracy within St. Joseph County, stemming back to his allegedly false convictions in 1995 for burglary, rape, and criminal deviate conduct. This time Sims claims that the clerk of courts, Scopelitis, purposefully destroyed exculpatory evidence, which was part of the record of his criminal case, thereby preventing him from obtaining evidence necessary to his petition for post-conviction relief. However, the present appeal is yet another act in this drama.[2]

Before Sims filed the suit against Scopelitis that spawned this appeal, he filed another case against her on November 9, 2001, in St. Joseph County, which was transferred to Elkhart County. In that case, Sims sued Scopelitis under Indiana's Access to Public Records statute,[3] request-

1. We hereby deny Sims' request to strike portions of the Appellee's brief.

2. Although not all directly linked to Scopelitis, Sims has been involved in at least fortyseven state court appeals. As far as we can tell, nearly all his civil and criminal appeals have been unsuccessful and are directly or indirectly related to his arrest, prosecution, conviction, or confinement for burglary, rape, and criminal deviate conduct.

3. Ind.Code § 5–14–3–9(d).

ing the court to compel Scopelitis, in her capacity as clerk, to produce a copy of a statement allegedly filed in his criminal prosecution. In particular, Sims claimed that the prosecution attached a copy of an informant's statement to a notice of discovery compliance, despite the fact that the former prosecutor testified that the statement was not attached to the notice and not filed with the clerk. Corroborating the former prosecutor's testimony, Scopelitis testified that she never was in possession of the statement and that local rules prohibited such an attachment to be filed. The trial court then ruled in favor of Scopelitis finding that local rules prevented such attachments from being filed and that she was never in possession of the statement. Sims appealed, and this Court affirmed the Elkhart County trial court's determination. *See Sims v. Scopelitis,* No. 20A03–0209–CV–301, 792 N.E.2d 631 (Ind. Ct.App. July 30, 2003), *reh'g denied.*

We now arrive to the case at the root of this appeal. On November 15, 2001—less than one week after filing his other action against Scopelitis—Sims filed an action in St. Joseph County seeking monetary damages from Scopelitis because "of her deliberate indifference to and reckless disregard for the Plaintiff's constitutional rights by her failure to act to provide court records requested by the Plaintiff from her, personally, and because of the 'bad faith' destruction of a portion of the record left in her care as Clerk, thereby hindering, delaying, or, denying the Plaintiff access to the Courts." Appellant's App. p. 6. The case was removed to federal court, where all federal claims were dismissed, and the remainder of the case was remanded for consideration by the state court. After changing venue to Marshall County, Scopelitis moved for and was granted summary judgment. Sims now appeals.

**Discussion and Decision**

Sims argues that the trial court erred when it granted summary judgment in favor of Scopelitis. When reviewing the grant or the denial of a summary judgment motion, this Court applies the same legal standard as the trial court: summary judgment is appropriate where no designated genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Munsell v. Hambright,* 776 N.E.2d 1272, 1278 (Ind.Ct. App.2002), *trans. denied.* The party appealing the denial of summary judgment carries the burden of persuading this Court that the trial court's decision was erroneous. *Id.* If there are no disputed facts and the issue presented is purely a question of law, we review the matter *de novo. Am. Family Ins. Co. v. Globe Am. Cas. Co.,* 774 N.E.2d 932, 935 (Ind.Ct.App. 2002), *trans. denied.*

In particular, Sims claims that (1) Scopelitis failed to comply with Indiana Code § 5–14–3–9(d); (2) Scopelitis is not entitled to immunity; (3) he complied with the notice requirements of the Indiana Tort Claims Act; (4) collateral estoppel was improperly argued before the trial court;[4] and (5) a fraud was committed on

4. Even though we review the grant of summary judgment *de novo,* we determine that the issue of collateral estoppel was properly before the trial court. The timing requirements of Indiana Trial Rule 56 are intended to prevent surprise as a result of the last minute filing of affidavits and other materials. *Marathon Petroleum Co. v. Colonial Motel Props., Inc.,* 550 N.E.2d 778, 781 (Ind.Ct.App. 1990). In this case, there was no unfair surprise. Sims was a participant in the Elkhart County action; thus, he was well aware of the Elkhart County trial court's judgment. Moreover, the Elkhart County trial court decision was not issued until *after* Scopelitis moved for summary judgment in the Marshall County trial court. Consequently, it would have been impossible for Scopelitis to argue collateral

the Marshall County trial court.[5] However, because we find that Sims' Marshall County action against Scopelitis had been barred by issue preclusion, we need not address these arguments.

 Issue preclusion, also referred to as collateral estoppel, bars the subsequent litigation of an issue necessarily adjudicated in a former suit. *In re Commitment of Heald*, 785 N.E.2d 605, 611 (Ind.Ct.App. 2003), *trans. denied*. The first adjudication is held conclusive even where the second action is on a different claim. *Infectious Disease of Indianapolis, P.S.C. v. Toney*, 771 N.E.2d 1224, 1228 (Ind.Ct.App. 2002), *trans. denied*. Issue preclusion requires: (1) a final judgment on the merits in a court of competent jurisdiction, (2) identity of issues, and (3) the party to be estopped was a party or the privity of a party in the prior action. *Id.* A prime consideration in the use of issue preclusion is whether the party against whom the prior judgment is asserted had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion. *In re Heald*, 785 N.E.2d at 612.

Sims first filed an action, which was transferred to Elkhart County, seeking to compel Scopelitis to produce a document allegedly filed during his criminal case. While the Elkhart action was still pending, Sims filed another action—this time transferred to Marshall County—against Scopelitis seeking damages for the alleged destruction of the same document. After a hearing on the merits, the Elkhart County trial court determined that the local rules of practice and procedure provided that such documents were not to be attached nor filed with the clerk and that the document was never in the possession of Scopelitis. Thereafter, the Marshall County trial court granted summary judgment in favor of Scopelitis.

Based on the above facts, we find that when summary judgment was sought in Marshall County, the action had become barred by issue preclusion. In both the Elkhart County and Marshall County cases, Sims sued Scopelitis. Thus, the same parties were involved in both actions. Also, the Elkhart County trial court, a court of competent jurisdiction, ruled against Sims after a hearing on the merits. At that hearing, Sims presented evidence, called witnesses, and even testified. This was a fair opportunity to litigate the issue fully. Finally, the issue before each trial court was identical—whether Scopelitis destroyed a document allegedly in her possession. One lawsuit sought to compel disclosure of the alleged document, and the other sought to penalize the clerk for allegedly destroying the document. Regardless of the differences in the relief sought, the underlying issue remained the same. Accordingly, Sims was barred from continuing to relitigate this issue against Scopelitis in the Marshall County trial court because the same issue previously had

estoppel in her original summary judgment motion. For these reasons, we find that it was entirely appropriate for Scopelitis to raise the collateral estoppel argument during the summary judgment hearing and hereby deny Sims' request for sanctions.

5. In addition, Sims presents an argument on appeal based on an alleged fraud committed by Scopelitis and seeks leave to present newly-discovered evidence in the trial court. His motion to present newly-discovered evidence was denied by our motions panel while the present appeal was pending. Although we may reconsider his motion, we will decline to do so in the absence of clear authority establishing that there was error as a matter of law. *See Oxford Fin. Group Ltd. v. Evans*, 795 N.E.2d 1135, 1141 (Ind.Ct.App.2003). Because Sims failed to provide such authority, we deny his motion.

been decided against him, after a hearing on the merits, in the Elkhart County trial court. Therefore, we affirm the Marshall County trial court's grant of summary judgment in favor of Scopelitis.

■ Lastly, Sims seems to have a penchant for litigation, regardless of the merits of his claims or prior adjudications of competent courts. Such an abuse of the judicial system will not stand. Undoubtedly, Sims will refuse to heed this warning and will continue filing meritless complaints; therefore, we hereby admonish him. With respect to any future lawsuits that arise directly or indirectly from any alleged conspiracy by public officials related to Sims' arrest, prosecution, conviction or confinement for burglary, rape, and criminal deviate conduct, we impose the following conditions upon Sims: (1) Prior to filing any such lawsuit, Sims shall submit to the trial court a copy of the complaint he wishes to file; (2) Sims shall also file a copy of all of the relevant documents pertaining to the ultimate disposition of each and every previous case instituted by Sims against the same defendant *or* emanating, directly or indirectly, from any alleged conspiracy by public officials. This includes, but is not limited to, the complaint, any motions to dismiss or motions for summary judgment filed by the defendants in those actions, the trial court order announcing disposition of the case, and any opinions issued in the case by any appellate court; (3) Sims shall file a legal brief, complete with competent legal argument and citation to authority, explaining to the court why the new action is not subject to dismissal by application of the doctrines of *res judicata*, collateral estoppel, or law of the case. If, after reviewing these materials, the trial court determines that the proposed lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or is otherwise utterly without merit, the court shall dismiss with prejudice the proposed complaint; (4) Sims is required to verify his new complaint pursuant to Indiana Trial Rule 11(B); and (5) Sims is specifically instructed to attach to such complaint a separate copy of this final section of the instant opinion.

Judgment affirmed.

KIRSCH and BAILEY, JJ., concur.