**Mario SIMS, Sr., Appellant–Plaintiff,**

v.

**Richard BRAMER, et al., Appellees–
Defendants.**

No. 20A03–0410–CV–457.

Court of Appeals of Indiana.

May 25, 2005.

Rehearing Denied July 8, 2005.

Mario L. Sims, Sr., Westville, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

This court has become intimately acquainted with the "plight" of Mario L. Sims since he was incarcerated in 1994 for raping his wife while threatening her with a loaded gun and a heroin-filled syringe. Since that time, he has inundated our judicial system with lawsuits against, among others, various public officials, his ex-wife, and her current husband. His abuse of the judicial system continues with this case.

Appellant-plaintiff Sims appeals from the trial court's dismissal of his complaint against the appellees-defendants wherein he alleged that they had retaliated against him for filing a previous cause of action against them. Specifically, Sims contends that the trial court erred in concluding that he failed to exhaust his administrative remedies in his 42 U.S.C. § 1983 claim against the Department of Correction

(DOC). Finding Sims to be in direct contempt of court in light of his noncompliance with our previous order requiring him to satisfy certain conditions before filing this lawsuit, we affirm the trial court's dismissal of his complaint with prejudice and order Sims to take further action as described herein.

## FACTS

Although the record in this case does not reveal the myriad lawsuits that Sims has filed since being incarcerated in 1994, a quick Westlaw search reveals that as of 2003, Sims had been involved in at least 47 state court appeals, nearly all of which—civil and criminal—had been unsuccessful and were directly or indirectly related to his arrest, prosecution, conviction, or confinement for burglary, rape, and criminal deviate conduct. *Sims v. Scopelitis*, 797 N.E.2d 348, 349 n. 2 (Ind.Ct.App.2003), *trans. denied.* Indeed, among other public officials, he has sued the Governor of Indiana, a judge on the Court of Appeals, a trial court judge, the clerk of courts, and an employee of the Domestic Relations Counseling Bureau.

In the months prior to the filing of the complaint at issue in this case, Sims sued the DOC, the Lieutenant Governor, the Commissioner of the DOC, and the Superintendent and several employees of the Westville Correctional Facility (Westville) sometime in late 2002 or early 2003. Apparently, that complaint—not included in the record herein—alleged "loss of life" and a deprivation of his state constitutional rights because of the defendants' acts. Appellee's Br. p. 2. The trial court dismissed that complaint in May 2003.

Sims filed the complaint at issue here on May 19, 2003, against the same defendants. In his complaint, he alleges that the defendants engaged in various acts of retaliation against him for filing the 2002 complaint. Specifically, Sims alleges that he has been diagnosed with a hernia and ordered not to carry more than ten pounds. He alleges that the Governor—at that time, Joseph Kernan—the Commissioner of the DOC, and the Superintendent of Westville all have access to his medical records and know he will injure his hernia if he carries more than ten pounds.

In February 2003, Sims was performing his job in the law library when a lieutenant ordered him to a particular room, telling him to bring his possessions. According to Sims, the box containing his personal possessions weighed approximately fifty pounds. When Sims arrived in the room, the lieutenant asked Sims where he worked, had Sims open the box three inches, and then sent Sims back to the library. Sims contends that carrying the box caused him pain and suffering, and he also claims that by asking Sims where he worked, the lieutenant intended to make Sims afraid to help other offenders in the law library and to chill his right to file lawsuits.

Sims also alleges that the Westville mailroom supervisor prohibited him from receiving mail from his wife. According to Sims, this action was taken in retaliation for filing the previous complaint, for filing grievances, and for exercising his right to marry. He contends that the mail prohibition was racially motivated because he is African–American and his wife is Latina, and he avers that the prohibition was "in furtherance of and in conspiracy with the defendants." Appellant's Br. p. 6.

As a result of these alleged acts of retaliation, Sims filed the current complaint on May 19, 2003, alleging, among other things, that the defendants deprived Sims of the privileges and immunities guaranteed to Sims as a citizen of Indiana by retaliating against him for exercising his state and federal constitutional rights.

The trial court dismissed the case against one defendant with prejudice, and Sims dismissed the remaining defendants except for the DOC. On March 3, 2004, the DOC filed a motion for judgment on the pleadings, and on September 9, 2004, the trial court granted the motion and dismissed Sims's complaint with prejudice. Sims now appeals.

## DISCUSSION AND DECISION

In *Sims v. Scopelitis*, this court considered Sims's history and concluded as follows:

Sims seems to have a penchant for litigation, regardless of the merits of his claims or prior adjudications of competent courts. Such an abuse of the judicial system will not stand. Undoubtedly, Sims will refuse to heed this warning and will continue filing meritless complaints; therefore, we hereby admonish him.

797 N.E.2d at 352. We then put in place the following order:

With respect to any future lawsuits that arise directly or indirectly from any alleged conspiracy by public officials related to Sims' arrest, prosecution, conviction or confinement for burglary, rape, and criminal deviate conduct, we impose the following conditions upon Sims:

(1) Prior to filing any such lawsuit, Sims shall submit to the trial court a copy of the complaint he wishes to file;

(2) Sims shall also file a copy of all of the relevant documents pertaining to the ultimate disposition of each and every previous case instituted by Sims against the same defendant *or* emanating, directly or indirectly, from any alleged conspiracy by public officials. This includes, but is not limited to, the complaint, any motions to dismiss or motions for summary judgment filed by the defendants in those actions, the trial court order announcing disposition of the case, and any opinions issued in the case by any appellate court;

(3) Sims shall file a legal brief, complete with competent legal argument and citation to authority, explaining to the court why the new action is not subject to dismissal by application of the doctrines of res judicata, collateral estoppel, or law of the case. If, after reviewing these materials, the trial court determines that the proposed lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or is otherwise utterly without merit, the court shall dismiss with prejudice the proposed complaint;

(4) Sims is required to verify his new complaint pursuant to Indiana Trial Rule 11(B); and

(5) Sims is specifically instructed to attach to such complaint a separate copy of this final section of the instant opinion.

*Id.* (emphasis in original).

In this case, Sims has filed a complaint that admittedly arose directly from an alleged "conspiracy," Appellant's Br. p. 6, by public officials related to his confinement for burglary, rape, and criminal deviate conduct. As such, he was required to follow the *Scopelitis* order. He did not. We find him in direct contempt of court for his failure to follow the *Scopelitis* order. Accordingly, we affirm the trial court's dismissal of his complaint with prejudice. We also direct Sims to show cause by verified affidavit why he should not be punished for contempt of court, and order him to file the affidavit with the Clerk of the Court no later than thirty days from this opinion's handdown date. If Sims does not comply with this order or is unable to show cause why he should not be punished, we will proceed to impose a pen-

alty upon him for his violation of the *Scopelitis* order.

The judgment of the trial court is affirmed.

KIRSCH, C.J., and VAIDIK, J., concur.