JOSEPH H. JAMES AND CATHERINE JAMES *v.* KENNETH PICOU

[No. 1-873A155. Filed November 6, 1974.]

[redacted]

*Robert H. Rideout,* of Boonville, for appellants.

*Robert L. Gwin,* of Owensboro, Kentucky, *Arthur Griffith,* of Evansville, for appellee.

LOWDERMILK, J.—This is an appeal from an award of damages in a case for malicious prosecution.

Appellee Picou was charged in 1970 with assault with intent to kill, the affidavit being subscribed and sworn to by appellant Joseph James. These charges were subsequently dismissed by the county prosecutor and following this dismissal Kenneth Picou filed a complaint charging appellants, Catherine James and Joseph James, with malicious prosecution. A jury trial resulted in a verdict favorable to appellee, awarding damages in the amount of $20,000, on which the court entered its judgment. Appellants timely filed their motion to correct errors which was overruled by the court.

The first issue in this appeal is whether the trial court erred in granting the appellee's motion for continuance during the first day of trial. Appellants argue that the continuance was granted without a showing of good cause. While we note there may be some question concerning trial preparation

by appellee's counsel, we feel that other facts control disposition of this issue.

Ind. Rules of Procedure, Trial Rule 53.4 states that it is within the sound discretion of the trial judge to grant a continuance. In granting a continuance the trial court is to decide whether or not the moving party has presented good cause for the granting of the same. Appellants argue that the appellee's counsel had ample opportunity to question witness Lloyd Whitmer, who was prosecuting attorney at the time appellant, Joseph H. James, signed the criminal affidavit, and to secure his presence for trial.[1] Thus, they argue that the granting of the continuance in order to bring Whitmer to the trial as a witness was error. In support of these arguments appellants cite numerous cases, none of which we find persuasive on this issue. *Indiana Union Traction Co.* v. *Keyes* (1912), 177 Ind. 698, 98 N.E. 633, is not in point, in that the attorney in that case sought a second continuance for the same reasons as the first and had failed to issue a necessary subpoena following the first continuance. Appellants also cite *Hambey* v. *Hill* (1971), 148 Ind. App. 662, 269 N.E.2d 394, wherein the court denied a motion for continuance. However, in so denying the motion in that case the court stated that the moving party "stood mute before the court" as to grounds for granting the continuance. That situation is not present in the case at bar. Appellee's counsel stated to the court that he had previously contacted Mr. Whitmer and that Mr. Whitmer stated he knew nothing of the facts involved. Counsel subsequently claimed surprise during the testimony of Joseph H. James, stating he was unaware that Mr. James had spoken to the prosecutor following the shooting here involved. Thus, the trial court could have determined there was sufficient evidence to show due diligence and good cause for a continuance.

---

1. Lloyd Whitmer was not prosecuting attorney of Perry County at the time of the trial of the case at bar, and at that time was working in Indianapolis.

The only harm alleged by appellants to have resulted from the granting of the continuance is that the jury would either forget or remember certain testimony. We find such an argument untenable. Further, appellants are unable to cite any case where the *granting* of a continuance was held to be an abuse of discretion. Therefore, we find that the granting of the continuance was not error.

Appellants' second argument is that the award of damages was excessive. Appellants concede that the proper standard for reviewing the award of damages is found in the case of *Dwyer* v. *McClean* (1962), 133 Ind. App. 454, 175 N.E.2d 50, wherein the court stated:

"In an action for malicious prosecution the plaintiff may recover all damages which are the natural probable consequences of the malicious prosecution complained of. The plaintiff, if entitled to damages, may thus recover as compensatory damages the pecuniary loss which results directly from such prosecution. He may also recover as exemplary and punitive damages for the non-pecuniary losses if any have been sustained. Within this second class of damages are included the injuries to the plaintiff's reputation, since an accusation of a crime made under the pretense of bringing a person guilty of such crime before the bar of justice is made in an imposing and impressive manner and the reputation of the party so accused may have inflicted upon it a deeper and longer lasting injury than would be inflicted thereon if the same charges were uttered under other circumstances. Consideration can also be given in awarding such damages to the humiliation, embarrassment, mental suffering, physical pain, discomfort and inconvenience caused by such prosecution if the same are shown to be the direct and proximate results of the defendant's action. . . ."

In *Dwyer,* the court further said:

". . . In cases of this character a new trial will not be granted on the ground of excessive damages, unless they are so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption. . . ." See also, *Snider* v. *Lewis* (1971), 150 Ind. App. 30, 276 N.E.2d 160.

We find there was sufficient evidence. to support the award of damages. Testimony given by both parties indicated that appellants had several properties and houses and that upon divorce from the appellee herein Mrs. James had received livestock, farm machinery and furniture. There was also some evidence that both appellants were employed. In addition, appellee has presented evidence of physical pain and suffering, loss of employment, loss of credibility, and continuing embarrassment within the community.

Under the standards set out in *Dwyer, supra,* and *Snider, supra,* the award was not "so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption."

The third issue is whether the trial court erred in overruling the appellants' motions for judgment on the evidence at the close of appellee's case in chief. It is only the overruling of the motion of Catherine James that is contested in this appeal. Appellant Catherine James asserts there was not sufficient evidence to support a finding that she was involved in the instigation and filing of the criminal charges giving rise to this suit.

In *Memorial Hospital of South Bend* v. *Scott* (1972), Ind. App., 290 N.E.2d 80, this court set out the standard for granting a motion for judgment on the evidence. This court stated that the motion should not be granted where the evidence is such that reasonable men might differ. Thus, the granting of a motion is proper only when the evidence is susceptible of one inference and that in favor of the moving party. See also, *Jordanich* v. *Gerstbauer* (1972), 153 Ind. App. 416, 287 N.E.2d 784.

The evidence before the court at the time these motions were presented was sufficient to support the overruling of said motion. There was testimony which indicated that Catherine's divorce from the appellee was "rough"; that Catherine and appellee had previous legal problems and that

Catherine had, in fact, talked with the prosecutor in connection with the shooting which gave rise to the original criminal action. There was other evidence which both supported and discredited the above.

We find that the evidence was susceptible of more than one interpretation and, therefore, the overruling of the motion was correct.

Appellants also argue with regard to this issue that Joseph James should receive a new trial because the damages assessed were based on the allegedly erroneous joint liability of appellants and because the evidence in the joint trial was unduly prejudicial.

Whatever merit these arguments may have, they are not properly before this court. We have found the evidence sufficient to withstand a judgment on the evidence and we have found the damages not to be excessive. We cannot on appeal sift and separate the evidence to contradict the findings of the jury. Therefore these arguments must fail.

Appellants' fourth argument is that the trial court erred in deleting part of their Instruction No. 6. In support of this argument appellants note their written objection tendered to the trial court and the cases cited therein. However, as the appellee correctly states in his brief, we are precluded from considering this issue because appellants have failed to properly preserve the error for appeal.

Ind. Rules of Procedure, Trial Rule 51(C) states, in part:

". . . No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . ."

The written objection was tendered the day after the verdict was rendered by the jury. There is nothing in the record to indicate that appellants objected to the giving of the altered instruction before jury deliberations began. The trial court stated to the jury that the instruction had been

"agreed upon by the parties"; no objection was made by appellants at that time. Further, the trial court noted upon the face of the instruction the following: "Given 2-15-73 as amended. No Obj." Appellants have waived this issue by failing to timely file written objections to Appellants' Instruction No. 6.

The remaining issues in this appeal deal with the trial court's admission or exclusion of evidence.

The first argument by appellants in this area is that the trial court erroneously admitted certain written notes of the former prosecutor of Perry County taken during an interview with Catherine James. Two grounds are asserted in support of this claim.

First, the appellants argue that the notes were never properly authenticated prior to their admission into evidence. To support this argument appellants contend that the notes were undated, unsigned, and that the prosecutor could not remember when the interview took place.

In the alternative, appellants argue that even if the notes were properly authenticated the admission was improper because the notes had been previously used for the purpose of refreshing the prosecutor's recollection and were therefore inadmissible. Appellants further contend the notes were improperly offered during redirect examination and not during direct or cross examination.

When the notes were first used to refresh the prosecutor's recollection, the only objection by appellants was that a question asked was leading and suggestive. The notes *per se* were not attacked and the question was re-phrased and answered without further objection. Prior to the above exchange, both parties had exhaustively covered all material contained in the notes. Thus, when the appellants' counsel finally objected to the admission of the notes the act came too late to avoid any possible damage which might have resulted from exposure of the material contained therein.

It is our opinion that the notes were merely cumulative and in this respect, this court has said: .

"The erroneous admission of inadmissible hearsay evidence will not be cause for reversal where such evidence is merely cumulative in nature. . . ." *Coffey* v. *Wininger* (1973), 156 Ind. App. 233, 296 N.E.2d 154, 158.

It is our opinion that the admission into evidence of the prosecuting attorney's work notes was not error; if it were error, then it was harmless error.

The second evidentiary question is whether evidence regarding Catherine James' divorce from the appellee was properly admitted into evidence. Appellants contend that such evidence was irrelevant and highly prejudicial, especially as it relates to the award of damages.

The record does disclose that appellants did object to some questions regarding the property settlement attending the Picou divorce. However, similar testimony regarding the property received by Catherine Picou James as a result of her divorce was admitted into evidence without objection. In addition, Catherine James personally testified as to what she had received in the divorce settlement, and, in fact, introduced the divorce decree containing that which appellants now claim they sought to suppress. Appellants cannot now complain of evidence which they helped present at trial.

The third evidentiary issue is whether the trial court committed error in refusing to admit into evidence a .22 caliber rifle allegedly used by Kenneth Picou in his assault upon Joseph James.

Appellants attempted on at least three occasions to introduce the rifle into evidence. On each occasion appellee's counsel objected and was sustained. However, during each offer and objection the rifle was displayed to the jury. There could have been little doubt that appellants' counsel was attempting to link the rifle to appellee Picou. Given this procedure, we do not feel that the formal

admission of the rifle into evidence could have changed the outcome of this case. We hold that the exclusion of the rifle, even if erroneous, was harmless error. *Jameson* v. *McCaffrey* (1973), 157 Ind. App. 480, 300 N.E.2d 889; Ind. Rules of Procedure, Trial Rule 61.

Finding no reversible error, the judgment is hereby affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 318 N.E.2d 377.