**JANOTA, Appellee,**

v.

**MELODY et al., Appellants.**

[Cite as *Janota v. Melody* (1990), 67 Ohio App.3d 652.]

Court of Appeals of Ohio,
Summit County.

No. 14409.

Decided May 16, 1990.

*Melissa Graham Hurd,* for appellee.

*Nancy H. Rogoff,* for appellants.

CACIOPPO, Judge.

Helen O. Janota filed an application in the trial court pursuant to R.C. 4735.12 seeking payment from the Ohio Real Estate Recovery Fund of an unsatisfied judgment. The trial court directed payment to Janota from the Ohio Real Estate Recovery Fund and ordered the Superintendent of Real Estate to pay the requested sum prior to the superintendent responding to the

application. The trial court's order included the total sum of the amount of the outstanding judgment, court costs, and attorney fees.

The Superintendent of Real Estate appeals.

### Assignment of Error

"The trial court erred as a matter of law by granting an order directing payment from the real estate recovery fund under section 4735.12 O.R.C. without providing notice and the statutory right to defend to the superintendent of the Ohio Division of real estate as required pursuant to R.C. Section 4735.12."

The superintendent contends that the trial court prematurely ordered payment to Janota from the Ohio Real Estate Recovery Fund. The superintendent argues that R.C. 4735.12 expressly requires the superintendent be provided the opportunity to defend the fund against an application for payment.

" * * * A person who applies to a court of common pleas for an order directing payment out of the fund shall file notice of the application with the superintendent. The superintendent may defend any such action on behalf of the fund and shall have recourse to all appropriate means of defense and review, including examination of witnesses. The superintendent may move the court at any time to dismiss the application when it appears there are no triable issues and the application is without merit. The motion may be supported by affidavit of any person having knowledge of the facts and may be made on the basis that the application, including the judgment referred to in it, does not form the basis for a meritorious recovery claim; provided, that the superintendent shall give written notice to the applicant at least ten days before such motion. The superintendent may, subject to court approval, compromise a claim based upon the application of an aggrieved party. He shall not be bound by any prior compromise or stipulation of the judgment debtor. * * * " R.C. 4735.12(C).

Janota served upon the superintendent a copy of the application for an order directing payment. However, the trial court ordered payment within ten days of the service date and prior to any response from the superintendent.

R.C. 4735.12(B) states in part that:

" * * * Punitive damages and interest on a judgment are not recoverable from the fund. In the discretion of the superintendent of real estate, attorney fees and court costs may be recovered from the fund, and, if the superintendent authorizes the recovery of attorney fees or court costs, the order of the court of common pleas then may direct their payment from the fund."

The trial court's order includes payment of attorney fees and court costs without the superintendent's input.

Applying the statutory scheme, the trial court's order was premature and not in compliance with R.C. 4735.12. The superintendent had no opportunity to defend the action on the fund's behalf or exercise discretion on the matter of attorney fees and court costs.

The assignment of error is well taken.

The judgment is reversed and this cause remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and CIRIGLIANO, J., concur.