PER CURIAM.
In these consolidated, interlocutory appeals, the plaintiffs below appeal an order granting the defendants’ request that venue be changed from Dade County to Bay County. We affirm.
Two of the plaintiffs below, the Red Carpet Corporation of Panama City Beach and 5-H Corporation [hereinafter collectively referred to as “corporations”], are two corporations which own property in Bay County. The other plaintiff is Jimmy Hatcher, who is a shareholder of the corporations and resides in Liberty County. The defendants are Southeast Banking Corporation and other banking corporations with operations in Bay County and their principal offices in Dade County [hereinafter collectively referred to as “banks”] and the Pensacola law firm of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. [hereinafter referred to as “law firm”]. In 1983, the banks instituted foreclosure proceedings in Bay County against the corporations. In turn, the corporations, which were represented by the law firm, filed claims in Bay County against the banks alleging breach of fiduciary duty, conspiracy, interference with contractual relationship, fraud, deceit, malicious misrepresentation, violation of Florida RICO, and viola *781 tion of federal RICO.[1] These actions are still pending.
After filing the claims, the plaintiffs found out that the banks had employed an associate of the law firm to handle unrelated litigation for the banks in Sarasota County. Subsequently, the plaintiffs filed the instant suit against the banks and the law firm in Dade County. The Dade County action contains two counts against the banks, declaratory judgment and breach of fiduciary duty, that are nearly identical to the claims in the Bay County litigation. The Dade County action also contains counts alleging tortious interference, commercial bribery, legal malpractice, breach of fiduciary duty against the firm, and conspiracy, all based upon allegations relating to the banks’ employment of the firm while it was still representing the plaintiffs. The defendants filed a motion to transfer venue, alleging by affidavit and memoranda that both actions were intertwined, that most of the parties and witnesses resided in the Panhandle, and that, therefore, the interests of justice, judicial economy, and convenience required transfer to Bay County. The plaintiffs responded through affidavits and memoranda that the Dade County action was separate from the Bay County case, that the most important witnesses for the plaintiffs were in Dade County, and that the law firm’s hiring decisions which gave rise to the action occurred in Dade County. The trial court ruled that venue should be transferred to Bay County due to the interrelatedness of the actions and the fact that the Bay County action was instituted first. The plaintiffs appeal.
Section 47.122, Florida Statutes (1989), provides for the transfer of cases to a different venue “for the convenience of the parties or witnesses or in the interest of justice.” The decision to transfer venue based upon this statute is “one within the sound discretion of the trial court, and absent a demonstration of an abuse of discretion, the lower court’s determination will not be overturned on appeal.” Florida Patient’s Compensation Fund v. Florida Physicians’ Ins. Reciprocal, 507 So.2d 778, 779 (Fla. 3d DCA 1987) (quoting Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983) (citations omitted)); see also Spalding v. Von Zamft, 180 So.2d 208 (Fla. 3d DCA 1965). The banks’ foreclosure action which was filed in the only forum that it could be brought, Bay County, involves many of the same parties as the Dade County action.[2] A comparison of the pleadings from the Bay County litigation with the Dade County complaints reveals that the causes of action are interrelated and intertwined. In the interest of justice, the trial court properly determined that the related cases should be tried in the same forum. See Baumann v. Community Villas Partners, Ltd., 517 So.2d 794 (Fla. 3d DCA 1988). Additionally, the defendants presented affidavits urging that Bay county is the most convenient forum for the parties and the witnesses. Therefore, the trial court was presented with substantial, competent evidence to support the trial court’s determination. See Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983).
For the foregoing reasons, we find that the trial court properly exercised its discretion in transferring venue to Bay County. Accordingly, the order under review is affirmed.

. We cannot consider the fact that certain claims have been omitted from the plaintiffs’ amended complaints because these complaints were filed subsequent to the order on appeal.

. Hatcher contends that his case should not be transferred to Bay County since he is not a party to the Bay County litigation. We disagree. Hatcher is a shareholder of the corporations and, as a result, his interests are being represented in the proceedings in Bay County. Moreover, the addition of Hatcher as a party to the Dade County action does not make a difference; the parties do not need to be the same to warrant the change of venue. See Mabie v. Garden St. Management Corp., 397 So.2d 920 (Fla.1981); accord Edward J. Gerrits, Inc. v. Chambers Truss, Inc., 564 So.2d 624 (Fla. 4th DCA 1990); Southeast Bank, N.A. v. Krombach, 496 So.2d 1002 (Fla. 5th DCA 1986).