### Arthur A. LINDSAY, Jr., Appellant–Plaintiff,

### v.

### Morris JENKINS, Delores Jenkins, Ralph Parco, Mary Parco, Robert Rendaci, Terri Rendaci, Joe Rendaci, Mary Rendaci, Larry Skaggs and Eileen Skaggs, Appellees–Defendants.

No. 67A01–9102–CV–27.

Court of Appeals of Indiana, First District.

July 9, 1991.

Luther G. Johnson and Keith L. Johnson, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellant-plaintiff.

Robert O. Williams, Williams Law Offices, Covington, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Arthur A. Lindsay, Jr. appeals from summary judgment for Morris Jenkins, Delores Jenkins, Ralph Parco, Mary Parco, Robert Rendaci, Terri Rendaci, Joe Rendaci, Mary Rendaci, Larry Skaggs, and Eileen Skaggs (collectively "Jenkins") in an abuse of process action. We reverse and remand.

## ISSUES

We restate the issues on appeal as:

1. Did the trial court erroneously grant summary judgment because a genuine issue of material fact exists whether Jenkins had an ulterior motive in filing suit against Lindsay?

2. Is the defense of advice of counsel a defense to abuse of process?

3. Is Lindsay entitled to an award of attorney's fees pursuant to IND.CODE §§ 34-1-32-1 and 34-4-16.5-19, or pursuant to the obdurate behavior exception?

## FACTS

On July 18, 1985, Jenkins filed a lawsuit against William and Betty Mooney and Lindsay, in his individual capacity, not as the Mayor of Clinton, Indiana. Jenkins alleged that the Mooneys built a garage which violated a set-back ordinance. Jenkins also alleged that Lindsay directed Bruce Stengel, the attorney of the Clinton Board of Zoning Appeals ("BZA"), not to file a counterclaim against the Mooneys in their action for injunctive relief and that Lindsay thereby interfered with the BZA's duties. In an unpublished opinion, we affirmed the trial court's decision, finding that Jenkins failed to demonstrate injury due to Lindsay's conduct, and therefore, could not recover from Lindsay. *Jenkins, et. al v. Mooney* (1989), Ind.App., 543 N.E.2d 684 (Jenkins did succeed on claim against Mooneys for violation of restrictive covenant).

Lindsay immediately filed this abuse of process action against Jenkins for damages and attorney's fees regarding the prior litigation between the parties. Specifically, Lindsay contends that Jenkins' lawsuit was frivolous, groundless, and unreasonable, and that he is entitled to have his attorney's fees reimbursed under I.C. §§ 34-4-16.5-19 and 34-1-32-1 and the obdurate behavior exception. Jenkins filed a motion

for summary judgment, claiming his reliance on the advice of counsel was a complete defense to the abuse of process action. The trial court agreed and entered summary judgment in favor of Jenkins.

## DISCUSSION AND DECISION

### Issue One

Lindsay contends the trial court erred in granting summary judgment for Jenkins, because a genuine issue of material fact exists whether Jenkins had an ulterior motive in filing suit against Lindsay. Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lawlis v. Kigtlinger & Gray* (1990), Ind.App., 562 N.E.2d 435, 438, *trans. denied*. Any doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Id.* A fact is material if it facilitates the resolution of any of the issues involved. *M.R. by Ratliff v. Meltzer* (1986), Ind.App., 487 N.E.2d 836, 839, *trans. denied*. Summary judgment must be denied if the resolution depends on the credibility of witnesses or weight of testimony. *Bassett v. Glock* (1977), 174 Ind.App. 439, 443, 368 N.E.2d 18, 21.

▮ The elements of abuse of process are 1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Groen v. Elkins* (1990), Ind.App., 551 N.E.2d 876, 878, *trans. denied*. The burden is upon the party asserting abuse of process to show an ulterior motive and misuse of process by the defendant. In contrast to malicious prosecution, an action for abuse of process "does not require proof that the action was brought without probable cause or that the action would have terminated in favor of the party asserting abuse of process." *Central National Bank of Greencastle v. Shoup* (1986), Ind.App., 501 N.E.2d 1090, 1095 (cit-

ing *Cassidy v. Cain* (1969), 145 Ind.App. 581, 590, 251 N.E.2d 852, 857, *trans. denied*).

▮ In his complaint, Lindsay alleged that Jenkins filed the former suit to embarrass, annoy, and ridicule Lindsay. In Lindsay's response opposing Jenkins' motion for summary judgment, he filed an affidavit by Stengel to support his contention that Jenkins had an ulterior purpose for filing the prior lawsuit. Stengel averred that Jenkins had told him that although Lindsay may have immunity, it would cost him more money to defend the lawsuit than it would cost Jenkins to bring the lawsuit. Conversely, Jenkins and each of the other defendants filed affidavits asserting that the former lawsuit was filed against Lindsay upon the advice of Attorney Larry Thomas. Lindsay contends that the court erroneously weighed the evidence and credibility of the witnesses in accepting Jenkins' affidavits which were controverted by Stengel's affidavit. We agree. In light of the record, a genuine issue of material of fact exists whether Jenkins had an ulterior purpose in filing the former lawsuit against Lindsay.[1] Therefore, the court improperly entered summary judgment.

### Issue Two

Jenkins relies upon *Display Fixtures Co. v. R.L. Hatcher, Inc.* (1982), Ind.App., 438 N.E.2d 26, as authority for the defense of advice of counsel and argues the court properly entered summary judgment based upon the defense. Lindsay argues that the advice of counsel is not a defense to abuse of process. In *Display Fixtures*, the court set forth the elements necessary to establish the defense of advice of counsel. The defendant must show that he honestly and in good faith sought the advice of an attorney to whom he gave a full and fair statement of all material facts prior to commencement of the original lawsuit. *Id.* at 31. R.L. Hatcher, Inc. claimed abuse of

---

1. Lindsay also argues that the first lawsuit was frivolous as a matter of law because Jenkins did not allege or prove damages. Jenkins' complaint alleged that Lindsay's conduct devalued their properties. Although Jenkins' claim failed, damages were alleged. Because we find a genuine issue of fact exists regarding an ulterior purpose, we refuse to find that Jenkins' former lawsuit was frivolous as a matter of law as Lindsay requests.

process and malicious prosecution by Display Fixtures. The court determined that the jury could have found that Display Fixtures failed to show that it gave a full and fair disclosure to its attorney, so Display Fixtures failed to prove the defense.

 The *Display Fixtures* opinion is not clear whether the defense was examined as applied against the malicious prosecution claim or the abuse of process claim. The general rule in abuse of process cases is that the defense is not available. *See Flynn v. Songer* (1966), Ky., 399 S.W.2d 491; *Grimestad v. Lofgren* (1908), 105 Minn. 286, 117 N.W. 515; *Mullins v. Sanders* (1949), 189 Va. 624, 54 S.E.2d 116; *see also,* 1 Am.Jur.2d *Abuse of Process* § 23. However, the defense does protect defendants in malicious prosecution cases. *See Tate v. Connel* (1966), 3 Ariz.App. 534, 416 P.2d 213; *Salmen v. Kamberos* (1990), 206 Ill.App.3d 686, 151 Ill.Dec. 735, 565 N.E.2d 6; *Morin v. Moreau* (1914), 112 Me. 471, 92 A. 527; *Cohen v. Cook* (1969), 62 Tenn. App. 292, 462 S.W.2d 502, *aff'd,* (1970), 224 Tenn. 729, 462 S.W.2d 499; *Moiel v. Sandlin* (Tex.Civ.App.1978), 571 S.W.2d 567; *see also,* 52 Am.Jur.2d *Malicious Prosecution* § 174. Moreover, the *Display Fixtures* court relied upon *Satz v. Koplow* (1979), Ind.App., 397 N.E.2d 1082, 1086, *trans. denied,* and *Peoples Bank & Trust Co. v. Stock* (1979), 181 Ind.App. 483, 488, 392 N.E.2d 505, 509, *trans. denied,* (1980), 273 Ind. 342, 403 N.E.2d 1077, both of which are malicious prosecution cases discussing the defense of advice of counsel. Therefore, we read the *Display Fixtures* opinion as considering the defense of advice of counsel against the malicious prosecution claim, but not for the abuse of process claim. We hold that the defense of advice of counsel is not available in abuse of process actions. We find the trial court erred in entering summary judgment on the basis of the defense of advice of counsel.

*Issue Three*

Lindsay also seeks attorney's fees pursuant to I.C. §§ 34–1–32–1 and 34–4–16.5–19 and the obdurate behavior exception. I.C. § 34–1–32–1 grants recovery of attorney's fees to the prevailing party of a civil action that is frivolous. This statute allows the award in the instant frivolous action or in the subsequent suit for abuse of process, but disallows double recovery. If Lindsay prevails on his abuse of process claim, he would be entitled to recover his attorney's fees expended in the prior lawsuit under this statute if he has not recovered them already. Therefore, we do not address Lindsay's arguments regarding attorney's fees under I.C. § 34–4–16.5–19 and the obdurate behavior exception. We reverse the trial court's decision of summary judgment and remand for proceedings consistent with this opinion.

Reversed and remanded.

BAKER and BARTEAU, JJ., concur.