Cathy E. CROSSON, Appellant–
Defendant,

v.

Thomas A. BERRY, Appellee–Plaintiff.

No. 53A05–0407–409.

Court of Appeals of Indiana.

June 15, 2005.

Cathy E. Crosson, Bloomington, Appellant Pro se.

Robert C. Price, Price & Runnells, Bloomington, for Appellee.

## OPINION

SHARPNACK, J.

Cathy E. Crosson appeals the judgment against her in a claim for malicious prosecution brought by Thomas A. Berry. Crosson raises three issues, which we consolidate and restate as:

I. Whether the trial court erred by denying Crosson's motion to dismiss under Ind. Trial Rule 12(B)(6); and

II. Whether the trial court erred by denying Crosson's motion for summary judgment.

We affirm.[1]

The relevant facts follow. In 1998, Crosson was involved in litigation in federal court and was represented by attorney Michael Ausbrook. The federal court scheduled the case for a settlement and pre-trial conference to occur in February 1999. In January 1999, after learning that Ausbrook was going to be out of the country at the time of the settlement conference, Crosson hired attorney Thomas A. Berry to represent her in the federal case. Crosson and Berry attended the settlement conference, which lasted approximately ten hours, and Crosson ultimately settled her case.

Berry later sent Crosson an invoice for his services, which totaled $3,673.25. Crosson sent Berry a letter that indicated that she was not pleased with her settlement or his representation during the settlement conference, and she did not pay the invoice. Berry withdrew from Crosson's case and later filed a complaint against Crosson, which sought recovery of his unpaid attorney fees. Thereafter, Crosson paid Berry $3,000 but did not pay the balance. Crosson hired Ausbrook to represent her in the attorney fee case, and she filed a counterclaim for legal malpractice against Berry.

Berry filed a motion for summary judgment in which he: (1) sought summary judgment on his claim for unpaid attorney fees from his representation of Crosson in her federal lawsuit; (2) sought summary judgment on Crosson's counterclaim of attorney malpractice; and (3) moved for attorney fees under Ind.Code § 34–52–1–1, the obdurate behavior exception, and Ind.

Trial Rule 11. The trial court granted summary judgment to Berry on his claim for unpaid attorney fees of $673.25 and on Crosson's counterclaim of attorney malpractice and "denied" Berry's motion for attorney fees "based upon a lack of either statutory or contractual authority." Appellant's Appendix at 429. As part of its order, the trial court entered judgment in favor of Berry. Berry filed a motion to correct error and argued, in part, that he "should still have a right to a trial on the issue of attorney fees." *Id.* at 426. The trial court partially granted Berry's motion to correct error, and its order provided, in part:

\* \* \* \* \* \*

3. In paragraph five of the court's Order ... the court inartfully addressed the reason for denying [Berry's] Motion for Attorney Fee Judgment Against Both Cathy Crosson and Michael K. Ausbrook; the court should have denied said motion "... based upon *insufficient* statutory or contractual authority *for purposes of summary judgment.*"

4. Regarding [Berry's] inquiry regarding the right to a trial, to the bench or jury, regarding [Berry's] Motion for Attorney Fee Judgment Against Both Cathy Crosson and Michael K. Ausbrook, the court finds that said motion is simply an independent motion filed in this action, presumably associated with [Berry's] summary judgment motions, and was not included as an allegation or prayer for relief in [Berry's] underlying Complaint for Damages ... hence, the court [inartfully] denied said motion upon granting the summary judgment

---

1. In her reply brief, Crosson moved to strike Berry's brief, and she suggested that "'this case presents an opportunity for the Court to remind attorneys of ... their responsibility to maintain the dignity and reputation of the profession.'" Appellant's Reply Brief at 14–

15. We hereby deny Crosson's motion to strike Berry's brief but would suggest that the parties to this appeal, both of whom are attorneys, are the ones who need the reminder of the responsibility to maintain the dignity and reputation of the legal profession.

motions and did not set said motion for trial.

\* \* \* \* \* \*

*Id.* at 422 (emphasis and "[inartfully]" bracket in original).

Berry later filed a complaint for malicious prosecution against Crosson and Ausbrook for their filing of the attorney malpractice counterclaim against Berry. Berry sought damages "for an amount sufficient to compensate [him] for his time and litigation expenses in defending the claim of malpractice filed against him and for an amount sufficient to compensate him for mental anguish and humiliation." Appellant's Appendix at 17.

Crosson and Ausbrook[2] filed a combined motion to dismiss Berry's complaint for failure to state a claim under Ind. Trial Rule 12(B)(6). Crosson and Ausbrook argued that a malicious prosecution action could not be based on the filing of a counterclaim, especially a compulsory counterclaim, and therefore, Berry's complaint could not establish the malicious prosecution element of instituting an action. The trial court held a hearing and issued the following order, which denied Crosson and Ausbrook's motion to dismiss and provided:

1. That the court can find no authority in Indiana law for [Crosson and Ausbrook's] proposition that a malicious prosecution action may not be based on the filing of a counterclaim, compulsory or otherwise. In fact, the court can find no authority in any jurisdiction for said proposition.

2. That the court finds authority in three jurisdictions for the proposition that a malicious prosecution action may be based on the filing of a counterclaim. See *Barret[t] Mobile Home Transport, Inc. v. John McGugin, et al.,* 530 So.2d 730 (Ala. 1988), *Slee v. Simpson,* 91 Colo. 461, 15 P.2d 1084 (1932), and *Bertero v. National General Corp.,* 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608 (1974).

3. That the court agrees with the reasoning cited in *Barret[t], Slee, and Bertero,* and finds that to argue to the contrary is to draw a distinction without a difference. A complaint, whether initial or cross, if filed maliciously, must be subject to recourse under the law.

\* \* \* \* \* \*

Appellant's Appendix at 324.

Crosson and Ausbrook then petitioned the trial court to certify its denial of their motion to dismiss, which the trial court granted. However, the motions panel of our court denied Crosson and Ausbrook's motion to accept jurisdiction over their interlocutory appeal.

Crosson and Ausbrook later filed individual motions for summary judgment and argued that: (1) Berry was collaterally estopped from bringing a claim of malicious prosecution because he had litigated and lost his motion for attorney fees in the prior attorney fee/malpractice litigation; and (2) as a matter of law, Berry could not establish the elements of malicious prosecution. The trial court held a hearing and concluded that Berry was not collaterally estopped from raising a malicious prosecution claim and that there were genuine issues of material fact that precluded the entry of summary judgment. Crosson and Ausbrook filed a motion to certify the trial court's denial of their motions for sum-

---

**2.** Crosson, who is a professor at Indiana University School of Law, and Ausbrook each represented themselves pro se.

mary judgment, which the trial court denied. Following a jury trial on Berry's malicious prosecution claim, the jury entered a verdict for Berry and against Crosson and found Berry's damages to be zero dollars. The jury also entered a verdict for Ausbrook. Crosson now appeals the trial court's denial of her motion to dismiss and her motion for summary judgment but does not appeal the jury's verdict.

## I.

The first issue is whether the trial court erred by denying Crosson's motion to dismiss under Ind. Trial Rule 12(B)(6). An Ind. Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Town of Plainfield v. Town of Avon*, 757 N.E.2d 705, 710 (Ind.Ct.App. 2001), *trans. denied.* A complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct.App.1999), *trans. denied.* In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in his favor. *Id.* The trial court may only look to the complaint, and well-pleaded material must be taken as admitted. *Id.*

We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Id.* We will not affirm a dismissal under Ind. Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.*

The essence of malicious prosecution rests on the notion that the plaintiff has been improperly subjected to legal process. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind.2001). The elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Id.*

Crosson's argument regarding the denial of her motion to dismiss focuses on the first element. Crosson argues that the trial court erred by denying her motion to dismiss because a malicious prosecution action cannot be based on the filing of a counterclaim, especially a compulsory counterclaim, and therefore, Berry's complaint did not establish the malicious prosecution element of instituting an action.

The issue of whether a malicious prosecution claim can be based upon the filing of a counterclaim appears to be an issue of first impression in Indiana. However, as the trial court noted in its order denying Crosson's motion for summary judgment, there is authority from other jurisdictions that have addressed this issue. *See Slee v. Simpson*, 91 Colo. 461, 15 P.2d 1084 (1932); *Bertero v. Nat'l Gen. Corp.*, 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608 (1974); *Barrett Mobile Home Transport, Inc. v. McGugin*, 530 So.2d 730 (Ala.1988), *reh'g denied.*

In *Slee*, the plaintiff filed a claim for malicious prosecution based on the defendants' cross-complaint in an underlying action. *Slee*, 15 P.2d at 1084. The trial court granted the defendants' motion to dismiss, and the plaintiff appealed. *Id.* On

appeal, the defendants argued that actions for malicious prosecution were not favored in the law and that the defendants' cross-complaint did not constitute the initiation of an action by them against the plaintiff. *Id.* at 1085. The Colorado Supreme Court concluded that in the defendants' cross-complaint, they assumed the position of plaintiffs and sought affirmative relief and that "what the defendants by way of their cross-complaint . . . sought was precisely the same kind of relief as against the plaintiff which they could ask for and maintain in an independent action instituted by themselves against [the plaintiff] in the first instance." *Id.* at 1085–1086. Therefore, the court concluded that a claim for malicious prosecution could be based upon a cross-complaint from an underlying action. *Id.*

In *Bertero*, the plaintiff filed a claim for malicious prosecution based on the defendants' cross-complaint in an underlying proceeding. *Bertero*, 118 Cal.Rptr. 184, 529 P.2d at 613. Following a jury trial, the jury found in favor of the plaintiff and awarded compensatory and punitive damages. *Id.* at 612. The defendants appealed and argued, in part, that an action for malicious prosecution cannot be based upon the filing of their cross-pleading because their cross-complaint: (1) did not initiate an action; (2) was in effect only an affirmative defense that they were obligated to raise under penalty of waiver; and (3) did not interject any theories or burdens not already raised by their answer to the plaintiff's complaint. *Id.* at 614. The California Supreme Court rejected the defendants' arguments and noted:

> The harm to society and to the individual cross-defendant caused by the filing of a cross-pleading without probable cause

and with malice is substantially similar to that occasioned by the filing of a complaint or other initial pleading known to be false or meritless. The malicious cross-plaintiff, like the malicious plaintiff, uses the judicial process as a vehicle for harassing or vexing his adversary or as a means of coercing the settlement of a collateral matter. The cross-defendant, like the defendant in an original cause maliciously prosecuted, is compelled to expend attorney's fees in defending against the false charge and may suffer the same mental or emotional distress and possible loss of reputation and standing in the community.

*Id.* The court concluded that "no sound reason appears for treating a cause of action initiated by a cross-pleading as only an integral part of that cause initiated by the complaint" and held that "a cause of action for malicious prosecution lies when predicated on a claim for affirmative relief asserted in a cross-pleading even though intimately related to a cause asserted in the complaint." *Id.* at 614–616.

In *Barrett*, the plaintiff filed a claim for malicious prosecution based on the defendant's counterclaim in an underlying proceeding. *Barrett*, 530 So.2d at 731. The defendant filed an interlocutory appeal and challenged, among other things, whether an action for malicious prosecution could be based on a counterclaim filed in an underlying proceeding. *Id.* The Alabama Supreme Court adopted 52 AM. JUR.2d *Malicious Prosecution* § 14 (1970), which provided that "[a]n action for malicious prosecution may be based upon the interposition of a malicious cross-complaint or counterclaim . . . [*because*] *interposing such a cross-action is the equivalent of the institution of an independent action.*"[3]

---

**3.** This provision in 52 AM. JUR.2d *Malicious Prosecution* § 14 is currently found at 52 AM. JUR.2d *Malicious Prosecution* § 11.

*Id.* at 733–734 (emphasis in original). The court adopted the reasoning of *Bertero* and *Slee* and held that "an action for malicious prosecution may be predicated on a counterclaim filed in the underlying proceeding." *Id.* at 734.

 In its order denying Crosson's motion to dismiss, the trial court concluded that it "agree[d] with the reasoning cited in *Barret[t]*, *Slee*, and *Bertero*, and [found] that to argue to the contrary is to draw a distinction without a difference. A complaint, whether initial or cross, if filed maliciously, must be subject to recourse under the law." Appellant's Appendix at 324. We agree with the trial court and find *Slee*, *Bertero*, and *Barrett* persuasive and relevant to the issue before us. We agree with the reasoning of these cases and hold that the filing of a counterclaim constitutes an initiation of a proceeding and, therefore, an action for malicious prosecution may be based on a counterclaim filed in an underlying proceeding. As we noted in *McQueen v. City of India-*

*napolis,* 412 N.E.2d 138, 141 (Ind.Ct.App. 1980):

> The malicious commencement of a civil proceeding is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice. The individual is harmed because he is compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite or ill will, often magnified by slanderous allegations in the pleadings
> . . . .

(quoting *Bertero*, 118 Cal.Rptr. 184, 529 P.2d at 614). Accordingly, Berry was able to raise a claim for malicious prosecution against Crosson based on the legal malpractice counterclaim that she filed in the underlying attorney fee case, and the trial court did not err by denying Crosson's motion to dismiss.[4] *See, e.g., Barrett*, 530

4. To support her argument that a counterclaim does not meet the malicious prosecution element of initiating an action, Crosson relies on *Chapman v. Grimm & Grimm, P.C.,* 638 N.E.2d 462 (Ind.Ct.App.1994). We find that reliance to be misplaced.

In *Chapman,* we considered the propriety of bringing an action for malicious prosecution based upon the filing of petitions to modify custody, support, and visitation in a marriage dissolution proceeding. *Id.* at 465. We noted that when a trial court acquires jurisdiction in a marriage dissolution proceeding, that jurisdiction continues during the minority of any children of the marriage and concluded that "[u]pon that basis it appears that in filing a petition to modify custody, support or visitation, a petition is not actually *initiating* a civil proceeding in the sense required for an action for malicious prosecution." *Id.* at 465–466. Therefore, we held that a petition to modify custody or visitation in a dissolution proceeding would not be a ground for an action for malicious prosecution. *Id.* at 466.

We find *Chapman* to be distinguishable from Crosson's case. Unlike the filing of a

petition in an existing dissolution proceeding, Crosson filed a new action when she filed her counterclaim for legal malpractice against Berry. Unlike a petition to modify custody or visitation, which would not stand as an independent action outside of a dissolution proceeding, Crosson's claim of legal malpractice could have existed as an independent action and could have been raised even if Berry had not filed a complaint for the recovery of attorney fees against Crosson.

We also reject Crosson's argument that the availability of statutory attorney fees under Ind.Code § 34-52-1-1(b), which can be litigated in a lawsuit where a counterclaim is filed, obviates the need for recognizing a cause of action for malicious prosecution based on a counterclaim. We disagree that the recovery of statutory attorney fees can serve as an equivalent substitute to a claim for malicious prosecution. A plaintiff in a malicious prosecution action is not limited to a recovery for attorney fees as he would be under Ind.Code § 34-52-1-1(b). In an action for malicious prosecution the plaintiff

So.2d at 734; *Bertero,* 118 Cal.Rptr. 184, 529 P.2d at 614–616; *Slee,* 15 P.2d at 1085–1086; 52 AM. JUR.2d *Malicious Prosecution* § 11.

## II.

The next issue is whether the trial court erred by denying Crosson's motion for summary judgment. Our standard of review for a trial court's ruling on a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.*

Crosson argues that the trial court erred by denying her motion for summary judgment because: (1) Berry was collaterally estopped from raising a claim of malicious prosecution; and (2) there were no genuine issues of material fact regarding the elements of malice or lack of probable cause. We will address each argument in turn.

### A. *Collateral Estoppel*

Crosson argues that Berry was collaterally estopped from raising a claim of malicious prosecution by the trial court's denial of motion for statutory attorney fees under Ind.Code § 34–52–1–1(b) in the underlying attorney fee/malpractice proceeding. Crosson argues that issue preclusion applies because Berry's "malicious prosecution claim raised the same issues of malice and lack of probable cause that he had already litigated and lost in the underlying case." Appellant's Brief at 21.

Collateral estoppel or issue preclusion bars subsequent litigation of an issue necessarily adjudicated in a former suit if the same issue is presented in the subsequent suit. *Shell Oil Co. v. Meyer,* 705 N.E.2d 962, 968 (Ind.1998), *reh'g denied.* In that situation, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. *Sullivan v. American Cas. Co.,* 605 N.E.2d 134, 137 (Ind.1992). However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. *Wedel v. American Elec. Power Serv. Corp.,* 681 N.E.2d 1122, 1131 (Ind.Ct.App. 1997), *reh'g denied, trans. denied.* Collateral estoppel does not extend to matters that were not expressly adjudicated and that can be inferred from the prior adjudication only by argument. *Bartle v. Health Quest Realty VII,* 768 N.E.2d 912, 917 (Ind.Ct.App.2002), *trans. denied.* A prime consideration in the use of issue preclusion is whether the party against whom the prior judgment is asserted had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion. *Shell,* 705 N.E.2d at 969. A trial court's decision to refuse to apply collateral estoppel will be reversed only upon a showing of abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is against the logic

---

may recover "all damages which are the natural probable consequences of the malicious prosecution[.]" *James v. Picou,* 162 Ind.App. 134, 137, 318 N.E.2d 377, 379 (1974). If the plaintiff is entitled to damages, he may "recover as compensatory damages the pecuni-

ary loss which results directly from such prosecution ... [and] may also recover as exemplary and punitive damages for the non-pecuniary losses if any have been sustained." *Id.*

and effect of the facts and circumstances before it. *Vernon v. Kroger Co.,* 712 N.E.2d 976, 982 (Ind.1999).

■ Here, in the attorney fee/malpractice proceeding, Berry filed a motion for summary judgment in which he: (1) sought summary judgment on his claim for unpaid attorney fees; (2) sought summary judgment on Crosson's counterclaim of attorney malpractice; and (3) moved for attorney fees under Ind.Code § 34–52–1–1, the obdurate behavior exception, and Ind. Trial Rule 11. The trial court granted summary judgment to Berry on his claim for unpaid attorney fees of $673.25 and on Crosson's counterclaim of attorney malpractice and "denied" Berry's motion for attorney fees "based upon a lack of either statutory or contractual authority." Appellant's Appendix at 429. As part of its order, the trial court entered judgment in favor of Berry. Berry filed a motion to correct error and argued, in part, that he "should still have a right to a trial on the issue of attorney fees." *Id.* at 426. The trial court partially granted Berry's motion to correct error, and its order provided, in part:

> \* \* \* \* \* \*

> 3. In paragraph five of the court's Order ... the court inartfully addressed the reason for denying [Berry's] Motion for Attorney Fee Judgment Against Both Cathy Crosson and Michael K. Ausbrook; the court should have denied said motion " ... based upon *insufficient* statutory or contractual authority *for purposes of summary judgment.*"

> 4. Regarding [Berry's] inquiry regarding the right to a trial, to the bench or jury, regarding [Berry's] Motion for Attorney Fee Judgment Against Both Cathy Crosson and Michael K. Ausbrook, the court finds that said motion is simply an independent motion filed in this action, presumably associated with

[Berry's] summary judgment motions, and was not included as an allegation or prayer for relief in [Berry's] underlying Complaint for Damages ... hence, the court [inartfully] denied said motion upon granting the summary judgment motions and did not set said motion for trial.

> \* \* \* \* \* \*

*Id.* at 422 (emphasis and "[inartfully]" bracket in original). During the hearing on Crosson's motion for summary judgment in the malicious prosecution proceeding, the trial court reviewed the above order from the attorney fee/malpractice proceeding, determined that Berry was not precluded from bringing his malicious prosecution claim against Crosson, and, therefore, denied Crosson's motion for summary judgment.

Crosson argues that the trial court's denial of Berry's motion for statutory fees in the attorney fee/malpractice proceeding precluded Berry from raising a malicious prosecution claim against her. Crosson argues that the trial court's denial of Berry's motion for attorney fees under Ind. Code § 34–52–1–1 is the functional equivalent of the trial court ruling that her malpractice counterclaim was not frivolous, unreasonable, groundless, or in bad faith under the attorney fee statute, which would thereby preclude a claim of malicious prosecution against her. Crosson seems to reason that a determination on the issue of whether a party is entitled to attorney fees under Ind.Code § 34–52–1–1 is identical to a determination of whether a party is entitled to recover on a claim of malicious prosecution. Berry argues that the trial court's order on the motion to correct error in the attorney fee/malpractice proceeding shows that the trial court made "no ruling on the attorney fee issue."

Appellee's Brief at 15. We disagree with both parties.

The trial court's order on Berry's motion to correct error clearly provides that the trial court "denied" Berry's motion for attorney fees. Appellant's Appendix at 422. Therefore, we conclude that the trial court did indeed rule on Berry's motion. While the trial court specified that it was denying Berry's motion *"for purposes of summary judgment," see id.* (emphasis in original), it also noted that the motion was an independent motion that Berry filed in conjunction with his summary judgment motion, that it had not been raised as a claim in Berry's complaint, and that it, therefore, would not be set for trial because the granting of Berry's summary judgment motion ended the litigation. In other words, the trial court denied Berry's motion for attorney fees in conjunction with granting his motion for summary judgment on his attorney fee claim and on Crosson's malpractice counterclaim.

However, contrary to Crosson's argument, such denial of Berry's motion for attorney fees in the summary judgment context did not equate to an adjudication that she was entitled to summary judgment or that Berry was collaterally estopped from raising a claim of malicious prosecution against Crosson. The elements required to be shown to obtain statutory attorney fees under Ind.Code § 34–52–1–1 are not identical to the elements to be shown to prove a malicious prosecution claim.

Ind.Code § 34–52–1–1 provides:

(a) In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

(c) The award of fees under subsection (b) does not prevent a prevailing party from bringing an action against another party for abuse of process arising in any part on the same facts. However, the prevailing party may not recover the same attorney's fees twice.

The elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Reichhart,* 748 N.E.2d at 378.

Whereas the statute providing for award of the attorney fees for an action or defense on a claim or defense which is frivolous, unreasonable, or groundless does not require a finding of an improper motive, *see Kahn v. Cundiff,* 533 N.E.2d 164, 171 (Ind.Ct.App.1989), *aff'd by Kahn v. Cundiff,* 543 N.E.2d 627 (Ind.1989); *Brant v. Hester,* 569 N.E.2d 748, 754 (Ind.Ct.App. 1991), an action for malicious prosecution requires a finding of malice. Furthermore, the attorney fee statute itself indicates that a trial court's determination on a request for attorney fees will not prevent a prevailing party from bringing an action against another party for a tort, such as abuse of process, arising from the same set of facts, so long as the prevailing party does not recover the same attorney fees twice. *See* Ind.Code § 34–52–1–1(c).

We find *Xantech Corp. v. Ramco Indus., Inc.*, 159 F.3d 1089 (7th Cir.1998), instructive to the resolution of the issue at hand. In *Xantech*, the circuit court analyzed whether a prevailing party's motion for attorney fees under Ind.Code § 34–52–1–1 had a preclusive effect on the prevailing party's ability to later bring a claim of malicious prosecution against the same defendant against whom the attorney fees had been sought. The circuit court found that the prevailing party's claim for malicious prosecution was not precluded.[5] *Xantech*, 159 F.3d at 1092–1094. In *Xantech*, Ramco filed suit in an Indiana state court and sought a preliminary injunction barring its bank from making payment to Xantech on a letter of credit. *Id.* at 1090. After the trial court entered a preliminary injunction against the bank, Xantech intervened in the suit and motioned the trial court to vacate the injunction. *Id.* The trial court denied Xantech's motion, Xantech appealed, and we held that the injunction should be dissolved. *Id.* (citing *Xantech Corp. v. Ramco Indus., Inc.*, 643 N.E.2d 918 (Ind.Ct.App.1994)).

After Xantech prevailed in its appeal, Ramco filed a cross-claim against Xantech and asserted claims of unjust enrichment, indemnification, and bad faith and/or fraud. *Id.* at 1091. Xantech filed an answer and sought costs and relief pursuant to Ind.Code § 34–52–1–1. *Id.* Xantech later filed a motion for summary judgment on Ramco's cross-claim, and the trial court granted the motion. *Id.* The trial court, however, "declined to award costs to Xantech pursuant to [Ind.Code § 34–52–1–1] and made no finding that Ramco had pursued a frivolous claim[.]" *Id.* at 1092.

Xantech then filed suit in federal court against Ramco and its president, Ramsey, and raised, among other things, a claim of malicious prosecution based, in part, on Ramco's state-court cross-claim. *Id.* at 1091. Ramco sought summary judgment on Xantech's claims and argued, among other things, that res judicata barred Xantech from asserting a malicious prosecution claim. *Id.* The district court granted Ramco's motion for summary judgment based, in part, on a finding that Xantech's malicious prosecution was barred. *Id.* at 1091–1092. The district court reasoned that because Xantech "sought and failed to obtain this relief [under Ind.Code § 34–52–1–1] in the state court ... Xantech could not make a second attempt at relief on the same grounds through the vehicle of a malicious prosecution claim." *Id.* at 1092.

Xantech appealed, and the Seventh Circuit held that the state-court suit and the federal suit did not concern the same transaction or occurrence and that claim preclusion principles posed no bar to Xantech's malicious prosecution claim against Ramco. *Id.* 1093–1094. The circuit court specifically addressed Xantech's prior motion for costs under Ind.Code § 34–52–1–1 and noted:

[T]he Indiana statute [Ind.Code § 34–52–1–1] authorizing such an award specifically provides that an award of attorney's fees made under that statute "does not prevent a prevailing party from bringing an action against another party for abuse of process arising in any part on the same facts," so long as the prevailing party does not recover the same fees twice. Thus, at least insofar as Xantech is seeking to recover the attorney's fees it incurred in connection with Ramco's action in state court, the express language of this provision would seem to leave the door open to the

---

5. In *Xantech*, the circuit court's analysis involved Ind.Code § 34–1–32–1, which was repealed and recodified as Ind.Code § 34–52–1–1. *Xantech*, 159 F.3d at 1091 n. 1.

claims for wrongful injunction and malicious prosecution that Xantech makes here. Moreover, [Ind.Code § 34–52–1(b)] permits an award of attorney's fees in order to compensate a prevailing party for. claims or defenses that are frivolous, unreasonable, or groundless or for actions which were litigated in bad faith. In that respect, the Indiana statute is comparable, although not identical, to *Fed.R.Civ.P. 11.* Federal case law indicates that fee requests made under *Rule 11* do not pose a res judicata bar to subsequent actions for claims akin to malicious prosecution. We see no reason why the Indiana courts would decide differently.

*Id.* at 1094 (citations and footnotes omitted). The Seventh Circuit reasoned that although Ind.Code § 34–52–1–1(c) referred to a prevailing party filing subsequent claims for "abuse of process," there was no reason to think that the statute would apply "only to claims labeled as such and [would] not include comparable but distinct claims such as those for wrongful injunction and malicious prosecution." *Id.* at 1094 n. 3.

■ While the Seventh Circuit's decision in *Xantech* is not binding authority, we find its analysis persuasive in this case. *See Burk v. Heritage Food Serv. Equip., Inc.,* 737 N.E.2d 803, 812 n. 1 (Ind.Ct.App. 2000) (noting that "while federal court decisions interpreting Indiana law are persuasive authority, we are not bound by their interpretations"). Just as Xantech's malicious prosecution claim was not barred by its previous motion for costs under Ind.Code § 34–52–1–1, here, Berry was not precluded from raising a malicious prosecution claim against Crosson after the trial court denied his motion for fees

under Ind.Code § 34–52–1–1. Ind.Code § 34–52–1–1(c) provides that even when a trial grants fees under the statute, the "prevailing party" is not prevented from bringing an action for abuse of process "arising in any part on the same facts" as long as the prevailing party does not recover the same attorney fees twice. We do not find that the legislature's reference to "abuse of process" in Ind.Code § 34–52–1–1(c) is simply restricted to such a claim. *See State v. Dugan,* 793 N.E.2d 1034, 1036 (Ind.2003) (noting that when interpreting a statute, "[i]t is just as important to recognize what the statute does not say as it is to recognize what it does say"). Indeed, abuse of process and malicious prosecution are both tort claims that can be filed against a party who has allegedly engaged in the wrongful use of the judicial process.[6] In addition, under Ind.Code § 34–52–1–1, the term "prevailing party" denotes a party who successfully prosecutes his claim or asserts his defense, and a party who is granted summary judgment is clearly the prevailing party. *Strutz v. McNagny,* 558 N.E.2d 1103, 1110 (Ind.Ct.App.1990), *trans. denied.* Here, although the trial court denied Berry's motion for attorney fees, Berry was the "prevailing party" because the trial court granted summary judgment to Berry on his attorney fee claim and on Crosson's legal malpractice counterclaim. Therefore, we conclude that Berry was not collaterally estopped from bringing his action for malicious prosecution against Crosson, and the trial court did not err by denying Crosson's motion for summary judgment. *See, e.g., Infectious Disease of Indianapolis, P.S.C. v. Toney,* 771 N.E.2d 1224, 1230 (Ind.Ct.App. 2002) (concluding that collateral estoppel could not be shown and affirming the trial

---

**6.** The elements of abuse of process are: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Lindsay v. Jenkins,* 574 N.E.2d 324, 326 (Ind.Ct.App.1991), *trans. denied.*

court's denial of summary judgment), *trans. denied.*

### B. *Genuine Issues of Material Fact*

 Crosson also argues that the trial court erred by denying her motion for summary judgment because there were no genuine issues of material fact regarding the elements of lack of probable cause or malice. Probable cause exists "when a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause." *Reichhart*, 748 N.E.2d at 379. The determination of probable cause is normally an issue of fact for the jury's determination. *Executive Builders, Inc. v. Trisler*, 741 N.E.2d 351, 357 (Ind. Ct.App.2000), *reh'g denied, trans. denied.* However, when the facts are undisputed, probable cause is for the court to decide as a matter of law. *Id.* In a malicious prosecution action, the question of malice is one for the jury and may be inferred from a lack of probable cause. *Estes v. Hancock County Bank*, 259 Ind. 542, 544, 289 N.E.2d 728, 729 (1972); *Ziobron v. Crawford*, 667 N.E.2d 202, 208 (Ind.Ct.App. 1996), *reh'g denied, trans. denied; McQueen*, 412 N.E.2d at 140.

 Crosson argues that she presented the following "undisputed" facts supporting her probable cause for filing her legal malpractice counterclaim and that these facts are "ample to show for [sic] a client to believe her attorney committed malpractice:" (1) Berry was ill on the day of her settlement conference; (2) Berry was unprepared for the settlement conference; (3) Berry disregarded her instructions; (4) Berry "was listless in representing her interests;" and (5) she received an "unfavorable settlement." Appellant's Brief at 27, 29–30. However, Berry disputed Crosson's "undisputed" facts and designated evidence, including an affidavit from the federal magistrate who conducted the settlement conference [7] and documents showing his work on Crosson's case, to support his arguments that he ably represented her during the settlement conference and that she filed her counterclaim without probable cause and with malice. Given the designated evidence, the trial court certainly could have found a question of fact as to whether Crosson acted with malice or lacked probable cause to file her malpractice counterclaim, which would support a finding of malicious prosecution. Thus, there were genuine issues of material fact that were appropriate to present before a trier of fact for determination.[8] Therefore, we cannot say that the trial court erred by denying Crosson's motion for summary judgment. *See, e.g., Morris v. G. Rassel, Inc.*, 576 N.E.2d 596, 600 (Ind.Ct.App.1991) (affirming the trial court's denial of summary judgment where there were questions of fact to whether the defendant acted with malice or lacked probable cause).

For the foregoing reasons, we affirm the trial court's denial of Crosson's motion to

---

7. In her reply brief, Crosson argues that the magistrate's affidavit should not be considered because it was excluded from evidence at trial when the trial court granted her motion in limine. While the affidavit may have been excluded from trial, the record does not reveal that Crosson moved to strike the affidavit from the designated evidence in the summary judgment proceeding. Because we are reviewing the trial court's ruling on summary judgment, we will consider the designated evidence that was before the trial court at that time.

8. Indeed, the jury, by entering a verdict for Berry and against Crosson on Berry's malicious prosecution claim, found that Crosson acted with malice or lacked probable cause to file her malpractice counterclaim. However, Crosson does not appeal the jury's verdict.

**198**

dismiss and motion for summary judgment.

Affirmed.

CRONE, J. concurs.

BAKER, J., concurs with separate concurring opinion.

BAKER, Judge, concurring.

I fully concur in the majority opinion. However, I write separately to highlight what the majority observed in the first footnote—the parties' responsibility to maintain the dignity and reputation of the legal profession.

This matter should have been laid to rest when the Monroe County jury essentially told Crosson and Berry to put this litigation behind them by finding for Berry on the malicious prosecution claim but awarding him no damages. Nevertheless, Crosson brings this appeal before us, complaining that Berry violated Indiana Code section 34–52–1–1(b), which provides for attorney's fees if the action or defense was frivolous, unreasonable, or groundless. In my view, by appealing this case that clearly should have ended with the jury verdict, if not sooner, Crosson is now maintaining a frivolous, unreasonable, and groundless action. As such, I would remand this cause to the trial court for an award of attorney's fees to Berry for the maintenance of this action since the jury verdict, including the litigation of this appeal.